**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                                  CASE NO.  4:12cr46-RH

ESAIAS J. TUCKER,

        Defendant.

_____/

## ORDER DENYING A SENTENCE REDUCTION

The defendant Esaias J. Tucker pled guilty to offenses involving crack as well as powder cocaine. He is serving a 20-year minimum mandatory sentence. He has submitted a letter—he explicitly says it is not a motion—asking for a sentence reduction. He correctly notes that, under the First Step Act, he would not face the same 20-year minimum today. But the First Step Act provision that produces this result is not retroactive; a sentence cannot be reduced on this basis.

I

The penalty range for a crack-cocaine trafficking offense can increase based on the quantity of the drug involved in the offense and based on the defendant's prior convictions.

The Fair Sentencing Act took effect in 2010. It changed the quantity of crack that triggers an increase in the penalty range. The increase previously triggered by 5 grams or more now was triggered by 28 grams or more. *See* Fair Sentencing Act, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372 (2010). The increase previously triggered by 50 grams or more now was triggered by 280 grams or more. *Id.* § 2(a)(1). But these changes were not retroactive—an individual who already had been sentenced could not obtain a sentence reduction on this basis.

The First Step Act, which took effect in 2018, makes these changes partially retroactive, allowing (but not requiring) a court to reduce the sentence of a person whose penalty range would have been different based on the Fair Sentencing Act's changes in the quantity of crack that triggers an increase. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

The First Step Act also changes the definition of prior convictions that can subject a defendant to an increase in the penalty range and sometimes changes the low end of a range that is increased based on one or more prior convictions. But these changes, standing alone, do not allow a court to reduce a sentence already imposed.

The change in the definition of prior convictions has two parts. First, under the prior law, any "felony drug" conviction—including one for mere possession— could support an increase, regardless of the sentence actually imposed or how old

the conviction was. *See* 21 U.S.C. § 841(b)(1)(A) & (B). But under the First Step Act, only a "serious drug felony" can trigger an increase. Only a drug *trafficking* offense qualifies as a serious drug felony, and even then, only if the statutory maximum sentence was ten years or more, the defendant actually served more than one year, and the defendant was released not more than 15 years before the new offense began. *See* First Step Act § 401(a)(1). Second, the First Step Act adds a new category of prior offenses that can trigger an increase: a "serious violent felony" meeting specified conditions, including that the defendant actually served more than one year in prison. *Id*.

## II

Mr. Tucker pled guilty in 2012—after the effective date of the Fair Sentencing Act—to a conspiracy involving 280 grams or more of crack. The Fair Sentencing Act's drug quantity changes were already in effect and were properly applied. Mr. Tucker does not seek a sentence reduction based on those changes and could not reasonably do so.

Mr. Tucker faced a minimum mandatory sentence of 20 years, not 10, because he had a prior "felony drug" conviction. The conviction was for simple possession of cocaine. Under the First Step Act, this is not a "serious drug felony." The minimum sentence would be 10 years, not 20. But this change is not retroactive. The sentence cannot be reduced on this basis.

III

Mr. Tucker also seems to suggest that Department of Justice policy was not to seek an enhanced minimum sentence—or perhaps that the policy later changed to not seek an enhanced minimum—in circumstances like Mr. Tucker's. Any such policy is not binding and is not a basis on which a court can reduce a sentence. *See* 18 U.S.C. § 3582 (forbidding a district court from reducing a sentence with limited exceptions not including a Department of Justice policy or a change in Department of Justice policy).

IV

For these reasons,

IT IS ORDERED:

No sentence reduction or other relief will be granted based on Mr. Tucker's letter, ECF No. 36.

SO ORDERED on June 23, 2020.

s/Robert L. Hinkle
United States District Judge