IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 4:12cr46-RH

ESAIAS J. TUCKER,

     Defendant.

_____/

ORDER ON THE MOTION FOR
A SENTENCE REDUCTION

     The defendant Esaias J. Tucker is serving a 20-year minimum mandatory sentence in the Bureau of Prisons. For the same offense under the same circumstances today, the minimum mandatory sentence would be 10 years, not 20. He has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." This order defers a ruling pending the United States Sentencing Commission's action on proposed amendments to United States Sentencing Guidelines Manual § 1B1.13 (2018).

I

     Federal law has long allowed a district judge to reduce a sentence based on "extraordinary and compelling reasons" or in other narrowly defined

circumstances. 18 U.S.C. § 3582(c)(1)(A). This is sometimes referred to rather imprecisely as "compassionate release."

Until 2018, a district court could grant such a sentence reduction only on motion of the Director of the Bureau of Prisons. The First Step Act changed this, allowing a sentence reduction on the motion of the Director *or the defendant*. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238. A defendant may file such a motion after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id*.

Mr. Tucker asserts he filed this motion more than 30 days after requesting relief from the warden. This order accepts the assertion for purposes of the motion and thus assumes Mr. Tucker has met the exhaustion-or-30-days requirement.

II

The statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statements are set out in Guidelines Manual § 1B1.13 (2018). An application note lists specific conditions that make a defendant eligible: a terminal illness, *see id*. at n.1(A)(i); a debilitating medical condition from which the defendant is not expected to recover that substantially diminishes the ability to provide self-care, *see id*. at n.1(A)(ii); age 65 or greater and attendant serious deterioration of health, *see id*. at n.1(B); and family circumstances that include death or incapacitation of a child's caregiver or incapacitation of a spouse, *see id*. at n.1(C). The note also has a catchall provision: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. at n.1(D).

In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the court held the Sentencing Guidelines' application note binding, contrary to the view of other circuits. And the court held binding on Mr. Bryant the catchall provision's requirement for a determination by the Bureau of Prisons. The Bureau has made no such determination in Mr. Tucker's case.

*Bryant* did not address, because Mr. Bryant had not adequately briefed, the substantial question whether the Sentencing Commission, having been delegated by statute the authority to adopt policies on this issue, could in turn delegate that

authority to the Bureau of Prisons. *See id.* at 1264 n.6. This left unclear the question whether, in any other case, the Commission's delegation of authority to the Bureau of Prisons would be held valid.

More recent decisions apply *Bryant* without addressing the improper-delegation issue that *Bryant* left open. *See, e.g.*, *United States v. Giron*, 15 F.4th 1343 (11th Cir. 2021). But an even more recent, *en banc* decision may cast doubt on *Bryant*. In *United States v. Dupree*, No. 19-13776, 2023 WL 227633 (11th Cir. Jan. 18, 2023) (en banc), the court held that an application note is controlling only when a guideline itself is "genuinely ambiguous." *Id.* at *4 (quoting *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019)). One might well question what ambiguity in Guidelines Manual § 1B1.13 is properly resolved by a delegation of decision-making authority to the Director of the Bureau of Prisons.

III

The bottom line: it is not at all clear that Mr. Tucker is eligible for a sentence reduction under the current law of the circuit. It is nearly certain, though, that the current law of the circuit will not be controlling for long. The Sentencing Commission has issued for public comment alternative proposed amendments to § 1B1.13. *See* U.S. Sent'g Comm'n, *Proposed Amendments to the Sentencing Guidelines (Preliminary)* (Jan. 12, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-

amendments/20230112_prelim_RF.pdf. None of the proposals comes close to the current law of the Eleventh Circuit.

That a defendant is *eligible* for a reduction does not mean a court should exercise its discretion to *grant* a reduction. The governing statute, § 3582(c)(1)(A), explicitly requires the court to consider the § 3553(a) sentencing factors to the extent applicable. Under the § 3553(a) factors, applied as if the minimum mandatory sentence was 10 years, not 20, compelling and extraordinary reasons might well support reducing Mr. Tucker's sentence, but not to a level below the low end of the guideline range. The guideline range was, and is, 168 to 210 months. Any Guidelines Manual amendment on compassionate release is likely to take effect before Mr. Tucker has served 168 months.

The prudent course at this point is to defer a ruling on Mr. Tucker's motion pending action by the Sentencing Commission. Either side may request a ruling at any time. Any such request will be duly considered.

IV

For these reasons,

IT IS ORDERED:

1. Consideration of Mr. Tucker's motion for a sentence reduction, ECF No. 40, is deferred pending action by the Sentencing Commission on proposed amendments to Guidelines Manual § 1B1.13.

2. The clerk must provide copies of this order to Mr. Tucker himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on February 6, 2023.

s/Robert L. Hinkle<br>United States District Judge